KURTZ (BANK OF UNITED STATES v.). See Case No. 920.

KURTZ (BANK OF WASHINGTON v.). See Case No. 950.

═════

## Case No. 7,950.

### KURTZ et al. v. BEATTY.

[2 Cranch, C. C. 699.] [1]

Circuit Court, District of Columbia. May Term, 1826.[2]

DEDICATION TO USES—POWER OF COURT OF EQUITY.

Although a dedication of a lot to pious uses may be too vague an appointment to be carried into effect in a court of equity upon general principles; yet, if it has been long occupied for those uses, with the knowledge and consent of the donor, his heirs may be perpetually enjoined from disturbing the possession.

[See note at end of case.]

The plaintiffs, describing themselves as "trustees and agents of the German Lutheran Church," filed their bill in equity against Charles A. Beatty, heir at law of Charles Beatty, deceased, and John T. Ritchie, who claimed title to a lot in Beatty and Hawkins's addition to Georgetown, which they aver Charles Beatty, the proprietor of the land, had in the year 1769, at the time of laying it out into lots "distinguished and set apart," "for the sole use and benefit of the German Lutheran Church, and caused the same to be so entered and designated in the plat of the said addition." That soon afterwards the said lot was taken possession of by the German Lutherans, inclosed, and a school-house erected thereon, and has been kept and held by them ever since, during a period of upwards of fifty years; and has been used by them as a burying-ground for the members of the church. That during all that time, neither their possession nor title had been questioned. That Charles Beatty died sixteen years ago without having made a conveyance of the lot, and that Charles A. Beatty, the defendant, is his heir at law. They therefore pray that he may be compelled to make a conveyance of the same to the plaintiffs, in trust for the German Lutheran Church. These facts were either admitted by the answers of the defendants, or proved by testimony in the cause.

CRANCH, Chief Judge (THRUSTON, Circuit Judge, absent, but concurring). The court, in this case, is of opinion that the designation of the lot on the plat "for the Lutheran Church," is too vague an appointment to be carried into effect, in a court of equity, upon general principles; and that it is not aided by the statute of 43 Eliz. c. 4, which has been decided by the court of appeals in Maryland, in June term, 1822, not to be in

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 2 Pet. (27 U. S.) 566.]

force in that state. Dashiell v. Attorney General, 5 Har. & J. 392. See, also, the case of Baptist Ass'n v. Hart's Ex'rs, 4 Wheat. [17 U. S.] Append. note 1, p. 3.

The court, therefore, cannot decree a conveyance of that lot to the trustees of the German Lutheran Church. But as they have been in possession of the lot for many years, (probably nearly fifty years,) and have used it as a church lot and burying-ground; and as the donor, Charles Beatty, and his son and heir at law, Charles A. Beatty, have declared that the lot belongs to the Lutheran Church, and that they were always ready to convey the same for the use of that church, the court thinks that the defendant cannot now conscientiously turn the complainants out of possession, and will therefore decree a perpetual injunction.